UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COREY SPAULDING,<br>SARAH CATHERINE SPAULDING<br>          Plaintiffs,<br><br>          v.<br><br><br>ROBERT MELTZER,<br>KAREN VAZ,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.
23-cv-13222-LTS

## ORDER

**SOROKIN, J.**

1.      Plaintiffs Corey Spaulding and Sarah Catherine Spaulding's motion for leave to

proceed in forma pauperis (ECF No. 2) is hereby ALLOWED.[1]  Because plaintiffs are

proceeding in forma pauperis, their complaint is subject to screening under 28 U.S.C. §

1915(e)(2).  Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff

seeks to proceed without prepayment of the filing fee if, among other things, the action is

frivolous or malicious, or fails to state a claim on which relief may be granted.  See 28 U.S.C. §

1915(e)(2)(B).  In conducting this review, the Court construes the plaintiffs' complaint "with

some liberality" because they are proceeding pro se.  *Instituto de Educacion Universal Corp. v.*

*U.S. Dept. of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)

(per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).  This Court also has an

---

[1] The Court construes the motion to be brought on behalf of both plaintiffs, as it is apparent that
Sarah Spaulding is dependent upon her mother.  To the extent that the Court's assumption is
incorrect, Sarah Spaulding shall file her own motion to proceed in forma pauperis.

independent obligation to inquire *sua sponte* into its own subject matter jurisdiction, see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3).

2.   Plaintiffs shall by **March 1, 2024**, file an amended complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure.  Under the Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (emphasis supplied), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004).  ).  The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." *Id.*  In essence, the complaint must succinctly set forth as to each defendant what he claims they did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to each defendant.  Put another way, a complaint must clearly identify the claims and relief plaintiffs seek as to each defendant, and provide sufficient factual bases for each of the elements of the claims that he asserts.  The caption must identify all defendants. Fed. R. Civ. P. 10(a).

The plaintiffs' 65-page, 192-paragraph complaint brought against the plaintiffs' neighbor, Karen Vaz ("Vaz") and her attorney (in state court proceedings), Robert Meltzer ("Meltzer") is sprawling, covering a 16-year time period, and brings the following counts: Count 1, intentional

infliction of emotional distress; Count 2, conspiracy to commit fraud of federal funds- municipal;

and Count 3, conspiracy to deny civil rights, conspiracy to obstruct justice, conspiracy to commit

child pornography, conspiracy to defraud handicapped/disabled of their property, hate crimes

harassment of the disabled, retaliation, aiding and abetting to defraud disabled persons.  Compl.

65.  The complaint seeks the following relief:

> Plaintiffs' prayer for relief is [(1)] to award a preliminary injunction to prevent
> further demand for legal fees, to compel defendant Karen Vaz to produce any and
> all land surveyor reports since 2008, to compel Karen Vaz to remove current
> fence and allow Plaintiffs to repair service dog's invisible fence to protect
> property.  [(2)] To follow through with the disbarment of Attorney Meltzer and
> [(3)] to award monetary damages and whatever else the Court finds appropriate.

Compl. 65.

As best the Court can discern, the Plaintiffs claims boil down to two issues: (1) a garden

variety property line dispute between Corey Spaulding and Vaz; and (2) Vaz and Metzler's

litigation conduct and purported participation in a supposed conspiracy against plaintiffs by

judges and staff of the District and Superior Courts of the Commonwealth, municipal officials,

federal officials, and others.

At least as to the property line dispute, that claim is barred by claim preclusion because

the Middlesex Superior Court has already ruled against Corey Spaulding on that issue.[2]  On

November 28, 2017, Corey Spaulding filed an action against Vaz in Middlesex County Superior

Court, MICV 1781CV03473 ("Vaz State Action").  That Complaint sought to resolve purported

harassment issues by Vaz, production of a surveyor report, accept correspondence to resolve the

property dispute, not pull surveyor stakes, and a demand for a jury trial to "stop Ms. Vaz from

conspiring with the Town of Framingham and Natick to deny us our civil rights and afford my

---

[2] The Superior Court judgment may also preclude other claims.

child a public education and for unspecified amount for damages."  Vaz State Action, Compl. 3-4.

On December 22, 2020, the Middlesex County Superior Court dismissed the Vaz State Action as to the civil rights violations with respect to claims that Vaz for providing information to Natick School Committee, and the trespass or encroachment on the property dispute issue. See Vaz State Action, December 22, 2020 Decision and Order on Defendant's Mot. Summ. J., Paper 49; Vaz State Action, April 27, 2021 Judgment, Paper 57.  Corey Spaulding did not appeal the judgment, and her daughter has no standing as to those claims.  Accordingly, any claim for relief sought relating to the Corey Spaulding/Vaz property line dispute are dismissed.

As for the plaintiffs' seeking Meltzer's disbarment as an attorney in Massachusetts, this Court is unaware of any authority that it has jurisdiction to compel the Massachusetts Supreme Judicial Court to initiate disciplinary proceedings against an attorney.  That claim for relief is therefore denied.

Even culling the complaint of these claims, the complaint is neither a short nor plain statement as contemplated and required by the Rules.  Rather, it is a confusing and unfocused pleading that attempts to weave together largely speculative and conclusory allegations into a broad criminal conspiracy (or multiple conspiracies) against plaintiffs.  *See Green v. Massachusetts*, 108 F.R.D. 217, 218 (D. Mass. 1985) ("[C]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system; such complaints must be dismissed ....").  At this stage, it is simply unfair to require the defendants to respond to the complaint in its current form.  Accordingly, to the extent plaintiffs wish to proceed, they shall file an amended complaint.  The amended complaint – a new stand-alone document – must set

4

forth plausible claims upon which relief may be granted.  In preparing the amended complaint, plaintiffs should <u>not</u> set forth his claims in a narrative format.  Rather, any amended complaint should, in sequentially numbered paragraphs, focus on the legal claims separately against each defendant, along with the basis for such claims.  The complaint must include separate counts each supported by factual allegations.  For example, just listing the counts at the end of the complaint is insufficient pleading.

If an amended complaint is filed, it will be further screened.  While plaintiffs may include exhibits that are relevant to the claims, <u>see</u>  Fed. R. Civ. P. 10(c), use of exhibits does not excuse plaintiffs of their responsibility to clearly and succinctly set forth the relevant allegations in the body of the complaint.

3.   Plaintiff Sarah Spaulding's motion for appointment of counsel, ECF No. 4, is <u>DENIED</u> without prejudice.  First, this motion appears to be a misfiled, substantially duplicate of a motion filed in *Spaulding v. City of Framingham et al.*, Civ. No. 23-12933-LTS, ECF No. 4, and is not tailored to the claims in this action.  Second, although pursuant to the 28 U.S.C. §1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel," it is well settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case."  *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  The First Circuit has held that a court's denial of a motion to appoint counsel is subject to reversal if: (1) a plaintiff is indigent; and, (2) exceptional circumstances exist such that the denial of counsel will result in a fundamental unfairness impinging on his due process rights. Id.; 28 U.S.C. 1915(e)(1).  While the motion is signed both plaintiffs, it appears to describe the circumstances only of Sarah Spaulding.  After considering the motion, at this stage of the proceedings the motion is

premature and, on this record, plaintiffs have not yet demonstrated "exceptional circumstances" that warrant appointment of counsel.

4.   Failure to comply with this Order will result in dismissal of this action.  Summonses shall not issue pending further order of the Court.

**So Ordered.**

 /s/ Leo T. Sorokin
United States District Judge

Dated: February 8, 2024